UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JUDY CASH ) | |
| ) | |
| v. ) | NO. 3:04-CV-608 |
| ) | |
| JO ANNE B. BARNHARDT, ) | |
| Commissioner of Social Security ) | |

**MEMORANDUM OPINION**

The plaintiff Judy Cash has filed a motion for a judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits under the Social Security Act. The defendant has also filed a motion for a judgment.

Ms. Cash was born in 1950 and was 53 years old at the time of her administrative hearing. [Tr. 51]. She graduated high school and has relevant past work experience as a store manager. [Tr. 52]. Ms. Cash alleges she is disabled as of February 14, 2003, from back pain, degenerative disk disease, and an adrenal mass. [Tr. 23]. Based upon a finding that Ms. Cash had a severe impairment but it was not severe enough, the Administrative Law Judge [ALJ] found that Ms. Cash was not

disabled as defined by the Social Security Act. [Tr. 28].

At Ms. Cash's administrative hearing held on January 27, 2004, the testimony of Ms. Cash, her husband Sam Cash, and vocational expert Jane Hall was received into evidence. [Tr. 44-75]. Ms. Cash testified her last employment was as a manager for a Dollar General store. [Tr. 52]. She indicated she has a lot of trouble with her back and has degenerative disk disease. [Tr. 54-55]. Another medical issue she contends with is having an extra amount of colon, which makes sitting difficult. [Tr. 56]. Ms. Cash is able to cook meals, drive, and grocery shop for small items. [Tr. 62-63].

Ms. Cash's husband, Sam Cash, testified next. [Tr. 64-67]. He testified he travels some for his job, and their son and daughter help out with Ms. Cash's care while he is gone. [Tr. 65].

Vocational expert Jane Hall was the last witness. [Tr. 70-72]. She testified Ms. Cash's previous relevant work as a store manager was considered a medium and skilled job. [Tr. 71]. However, a store manager position is usually classified in the light and skilled category. [*Id*.]. The ALJ then asked Ms. Hall to consider that the testimony she heard that day from Ms. Cash was credible and that Ms. Cash had trouble walking and standing, had to change positions frequently, was limited in her ability to lift, and would not be able to work an eight-hour a day, 40-hour a week job

on a regular basis. [Tr. 72]. Considering those circumstances, Ms. Hall testified that Ms. Cash would not be able to work. [*Id.*].

The ALJ ruled that Ms. Cash was not disabled because her impairment of degenerative disk disease at the L4-5 range with a mild annular bulge was severe but not severe enough under the Regulations. [Tr. 25]. He then found that she retained the residual functional capacity [RFC] to perform light work, which was defined as lifting 20 pounds occasionally and ten pounds frequently. [Tr. 27]. She could stand/walk for six hours in an eight-hour day and sit for two hours in an eight-hour day. [*Id.*]. With this RFC, the ALJ found that Ms. Cash could return to her past relevant work as a store manager, since such a position was light and skilled work as usually performed in the national economy. [Tr. 28].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the

3

evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Cash requests a judgment and challenges several aspects of the ALJ's decision. First, Ms. Cash contends the ALJ did not give the proper weight to the opinion of her treating physician. Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

The ALJ indicated he rejected the opinion of treating physician Dr. Jeff Boruff because he "apparently relied quite heavily on the subjective report of symptoms and limitations provided by [Ms. Cash], and seemed to uncritically accept as true most, if not all, of what [she] reported." [Tr. 27]. In addition, the ALJ stated that the objective medical evidence from other professionals conflicted with Dr. Boruff's assessments. [*Id.*]. Dr. Boruff indicated in July 2003 that Ms. Cash should not lift more than 15 pounds and should not bend, stoop, stand, or sit for more than two hours. [Tr. 155]. These limitations suggested by Dr. Boruff are somewhat off from the limitations of state agency physician Dr. George Bounds. Dr. Bounds indicated Ms.

4

Cash could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, and stand/walk/sit for about six hours in an eight-hour workday. [Tr. 206]. Dr. Boruff's limitations are also at odds with clinical findings which indicated only mild degenerative disc disease and a lack of extensive physical therapy or medication to control pain. [Tr. 175]. In addition, Dr. Boruff himself indicated that Ms. Cash's minimal spondylolisthesis was normal. [Tr. 159]. Because Dr. Boruff's recommendations were at odds with his treatment notes and the suggestions of another physician, the ALJ's rejection of his opinions was made with substantial evidence.

Next, Ms. Cash contends the ALJ erred in determining that her allegations were "not totally credible." [Tr. 26]. The ALJ pinned this determination on Ms. Cash's ability to manage her household, the disparity between her allegations of pain and the objective medical evidence, and the fact that she had not pursued more aggressive methods of pain relief. There was substantial evidence to support the ALJ's credibility findings. However, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

Ms. Cash also argues the ALJ misled her when he asked a hypothetical question of the vocational expert during her administrative hearing, a hearing at which Ms. Cash was unrepresented. [Tr. 44-45]. As stated above, the ALJ asked the vocational

5

expert to consider that the testimony she heard that day from Ms. Cash was credible and that Ms. Cash had trouble walking and standing, had to change positions frequently, was limited in her ability to lift, and would not be able to work an eight-hour a day, 40-hour a week job on a regular basis. [Tr. 72]. Ms. Cash apparently mistakenly thought that the ALJ, through this question, was stating that he would believe everything to which she testified. In reality, the ALJ was simply asking a hypothetical question of the vocational expert. There was no intentional misleading on the part of the ALJ.

Lastly, Ms. Cash claims the ALJ erred in his finding that she could perform light work. The ALJ determined that Ms. Cash could lift 20 pounds occasionally, ten pounds frequently, stand/walk for six hours in an eight-hour day, and sit for two hours in an eight-hour day. [Tr. 27]. The ALJ's decision was supported by the report of state agency physicians Dr. Scott Dube (who indicated she could lift 10 pounds frequently) and Dr. Bounds (who indicated she could lift 25 pounds frequently). [Tr. 206, 215]. In addition, the stand/walk/sit limitation was also within the range suggested by Dr. Bounds. [Tr. 206]. The ALJ's RFC determination was made with substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Ms. Cash's motion for a judgment will be denied, the defendant's motion for a

6

judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

 s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE

7

Case 3:04-cv-00608   Document 16   Filed 09/22/05   Page 7 of 7   PageID #: 7